THE STATE v. EDMONSON, *Appellant.*

Division Two, December 3, 1895.

1. **Criminal Law**: ABORTION: EVIDENCE. The evidence examined and held sufficient to sustain a conviction of defendant of having caused the death of a pregnant woman by administering to her certain medicines, drugs, etc., with intent to produce an abortion.

2. ———: ———: INSTRUCTION. An instruction, on a trial of one for having produced death by abortion, which recited that defendant was charged with administering certain medicine or drugs to a woman for the purpose of procuring an abortion, and declared that unless the state proved, by facts and circumstances to the. satisfaction of the jury, beyond a reasonable doubt, that the woman was pregnant with child and that defendant administered, or caused to be administered, certain medicine or drugs for the purpose of procuring an abortion, and did thereby procure an abortion, and that such abortion caused death, they will find him not guilty, requires the finding of every necessary fact to constitute the crime.

*Appeal from Taney Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*W. G. Robertson, T. J. Delaney* and *W. D. Hubbard* for appellant.

(1) The evidence is not sufficient to sustain a conviction. The verdict was the result of passion and

State v. Edmonson.

prejudice, and the judgment should be reversed and the prisoner discharged. *State v. Primm*, 98 Mo. 368; *State v. Packwood*, 26 Mo. 340; *State v. Burgdorf*, 53 Mo. 65; *State v. Mansfield*, 41 Mo. 470; *State v. Daubert*, 42 Mo. 238; *State v. Brosius*, 39 Mo. 534; *State v. Castor*, 93 Mo. 242; *State v. Cook*, 58 Mo. 548; *State v. Musick*, 71 Mo. 401; *State v. Warner*, 74 Mo. 38; *State v. Hammond*, 77 Mo. 159; *State v. Lowe*, 93 Mo. 547; *State v. McNamara*, 100 Mo. 17; *State v. Jaeger*, 66 Mo. 173. (2) The court erred in refusing instruction number ——, asked for by the defendant. The *corpus delicti* must be shown by testimony other than the admissions or declarations of the defendant, and the jury must be so instructed. *Robinson v. State*, 12 Mo. 598; *State v. Scott*, 39 Mo. 424; *State v. German*, 54 Mo. 526; *State v. Patterson*, 73 Mo. 695; *State v. Walker*, 98 Mo., and dissenting opinion; section 4208, amended, Acts of 1895.

*R. F. Walker*, attorney general, for the state.

(1) The instructions, five upon the part of the state and four upon the part of the defendant, covered and presented to the jury every phase of the case, as made by the indictment and the testimony. They were exceedingly liberal to defendant, and leave no ground of complaint here. (2) This court is again asked to interfere with the finding of the jury and of the trial court upon the testimony in this case, upon the ground that the verdict is against the weight of the evidence. It has been repeatedly held that this court will not interfere, unless it is evident that there is an entire failure of proof. *State v. Fischer*, 124 Mo. 460; *State v. Schaefer*, 116 Mo. 96. And that where inferences of guilt have been reasonably drawn from the evidence, a verdict will not be set aside upon appeal

because of the insufficiency of the testimony. *State v. Sanford*, 124 Mo. 484; *State v. Banks*, 118 Mo. 107. Nor will a verdict be set aside on appeal upon the ground that it is against the weight of the evidence, and the result of passion and prejudice upon the part of the jury, unless there be a total failure of proof to support it. *State v. Alfray*, 124 Mo. 393; *State v. Richardson*, 117 Mo. 585; *State v. Moxley*, 115 Mo. 644. The testimony shows conclusively the guilt of the defendant. (3) The second and third counts in the indictment are to be considered here, the state having entered a *nolle* as to the first count. These two counts are sufficient. They contain every necessary averment to clearly charge the crime of which defendant has been convicted. R. S. 1889, sec. 3495; *State v. Meek*, 70 Mo. 355.

GANTT, P. J.—At the November term, 1893, of the criminal court of Greene county, the defendant was indicted for having caused the death of Ada Hawk, a pregnant woman, by administering to her certain poisonous medicines, drugs, and substances with the intent to produce the abortion and miscarriage of said Ada Hawk, the same then and there not being necessary to preserve the life of said Ada Hawk, and the same not having been advised by a physician to be necessary for that purpose.

The defendant was duly arraigned, and, upon his application, the venue was changed to Taney county for trial, and at the October term, 1894, defendant was put upon trial and convicted of manslaughter in the second degree and sentenced to the penitentiary for three years.

The evidence discloses that plaintiff was, at the time of the alleged criminal conduct, a widower living with his mother in Greene county; that Ada Hawk was

a young woman about twenty years old, living with her parents at Buckley in Greene county; that sometime in April, 1893, he induced the girl to work as a house servant for his mother; that he seduced her and she became pregnant.

The evidence is, further, that he was consulting various persons as to the best means of producing an abortion and stated to one witness "that he, or he and the girl, had used a rubber catheter, but it didn't work; they didn't get it inserted right." He afterward told this same witness that he had taken the girl to Springfield and had made arrangements with a doctor, whose name he did not disclose, to dispose of the case for $50. To another witness he said he had hired an old woman and a doctor at Springfield "to get rid of it." It was also shown that he went to a druggist, Mr. King, and inquired if he knew what would produce an abortion, and when told by King that he did not, he inquired whether whisky and Indian turnips would accomplish it, and was told of a place near Walnut Grove where Indian turnips were to be found.

It was shown that after the girl returned from Springfield to her home, the defendant insisted that her parents should not employ Dr. Hardin, the family physician, but said he would employ Dr. Perry. That he did go after Dr. Perry, who refused to go until defendant guaranteed his fees. It was shown, further, that he endeavored to get Henry Creed and L. B. Harper to marry the girl, and that she resented it.

To the witness, McClure, defendant stated that he had got an old woman and a doctor at Springfield "to work it" for him, and they had done so. The witness thought he said "the woman was keeping the Commercial Hotel." When asked how he concealed it from the girl's mother he said he told Ada how it would serve her when she took the medicine and how she would

feel and that she would get rid of the child when she went out.    He then told the witness Ada was awful sick at the time, but felt better afterward.    This was some two or three weeks before her death.

The evidence also shows that the girl followed his instructions and attempted to hide the miscarriage from her mother and only confessed it on her deathbed in the presence of defendant whom she charged with her ruin.

The girl's mother testified that the girl went to Springfield and stayed awhile and came home sick; that she was pregnant; that defendant gave her some greenish medicine that made her very sick and produced a copious flooding and the passage of a clot which from her experience she had no hesitancy in pronouncing an abortion; that the bowels were very sore and the girl wasted a great deal; that the girl never recovered from the shock but died in about two weeks. She detailed the conversation of the physician as to the secrecy to be observed and testified to defendant's conversation with her daughter just prior to her death in which Ada told the defendant he was the cause of her ruin and he promised to care for her.

Witness Brown testified defendant wanted him to help dig Ada's grave and said "he wanted her buried quick." "That the family wanted a shallow grave." The coroner exhumed the body but found it too much decomposed to make any satisfactory autopsy. Dr. Perry who was employed by defendant to attend the girl did not see her until after the abortion and he testified her symptoms were those of typho-malarial fever.    Another physician testified the symptoms were usual in miscarriage or abortion.

I.    The principal point made is that there was no sufficient proof of the *corpus delicti*.    Without again detailing the evidence tending to show the girl died

from the effects of the abortion and that defendant was the guilty procurer, we have only to say that it was established beyond a reasonable doubt by entirely satisfactory evidence.

II.  Defendant complains of the refusal of an instruction as to the essentials of the crime but the court fully covered it by the following instruction:

"The court instructs the jury that in this case the defendant is charged with administering to one Ada Hawk certain medicine or drug for the purpose of procuring an abortion, and unless the state has proven by the facts and circumstances to your satisfaction, beyond a reasonable- doubt, that the said Ada Hawk was pregnant with child, and that the defendant administered to, or caused to be administered to her certain medicine or drugs, for the purpose of procuring an abortion, and did thereby procure an abortion, and that the abortion or miscarriage was the cause of the death of the said Ada Hawk, as charged in the indictment, then you should find the defendant not guilty."

However correct any other instruction might have been, this instruction required the jury to find every necessary fact constituting the crime beyond a reasonable doubt and it was no error to refuse any other. The court instructed upon every proposition of law that could aid the jury in arriving at a correct verdict. The judgment is affirmed.  BURGESS and SHERWOOD, JJ., concur.