CHARLES H. TRACEY *vs.* GEORGE F. BLAKE & trustees.

Suffolk.   November 14, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Duty of fidelity, Commission.  *Broker.  Practice, Civil*, Attempt to open new issue.  *Contract*, Validity.  *Evidence*, Of value, Internal revenue stamps.

In an action to recover a commission as a real estate broker, where the declaration states that to be the ground for recovery, where also the case has been treated by the parties and by the presiding judge as an action to recover a broker's commission and not as one to recover compensation for services as a middleman, and where neither of the parties took any exception to a statement in the

judge's charge that it was "simply a case of a broker employed," the plaintiff at the argument before this court upon exceptions alleged by the defendant cannot be heard to contend that he was employed as a mere middleman and not as a broker and consequently was not subject to the rules governing the conduct of brokers.

If a broker is employed by an owner of real estate to procure an exchange of that real estate for certain real estate in another city, and procures such an exchange, but in doing so agrees, without the knowledge of either of the principals, to pay one half of his commission to the broker who represents the other party to the exchange, although not to receive any equivalent benefit from that broker, this secret agreement, which is a fraud on the party employing the other broker, makes the contract of agency one contrary to public policy which cannot be enforced, and the first broker cannot recover from his own customer his commission for procuring the exchange of real estate.

In the case above described it was *said* that it was not necessary to determine whether the contract entered into by the plaintiff with the other broker was a violation of St. 1909, c. 514, § 28, and thereby was made a criminal offence.

In the same case it also was *said*, that it was not necessary to decide, whether the United States revenue stamps placed on the deeds mutually delivered by the parties to the exchange of real estate were competent evidence of the value of the property conveyed, or whether they were admissible for any purpose.

CONTRACT by a real estate broker to recover a commission of five per cent on the sum cf $50,000 for procuring the exchange of certain real estate in Worcester, belonging to the defendant called "White Oak" and valued at that sum, for the equity in a certain apartment block in Boston belonging to one Scheffreen, who was represented in the transaction by Harriet B. Howe, another real estate broker in Worcester. Writ dated January 28, 1916.

The defendant's answer, as amended, contained in addition to a general denial the following: "And the defendant further says that if the plaintiff shall prove that the defendant employed him as his broker as set forth in the declaration, the plaintiff thereafter made a contract with the broker representing the other principal in the exchange of properties thereafter made, by the terms of which the plaintiff agreed to give to such broker a part of the commission which he might receive from the defendant, and that said contract was neither known of nor assented to by the defendant nor by the other principal, and that said contract between the two brokers was against public policy, and that the plaintiff is not entitled to recover."

In the Superior Court the case was tried before *Bell*, J. The evidence is described in the opinion. The defendant offered in

evidence two deeds, each bearing stamps of $25, contending that the amount of the stamps placed upon the deeds by the two principals was competent evidence of the value of the property, which was to be determined as the basis of estimating the broker's commission in case the jury did not find the special contract set out in the declaration. The judge excluded the evidence, subject to the defendant's exception. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. The plaintiff having admitted that he made a contract with the broker representing the other principal by which he agreed to give to such broker, in case of an exchange, one half of any commission which he might receive from the defendant, and the plaintiff having admitted that neither principal knew about such contract between the brokers, the plaintiff is not entitled to recover.

"2. If the plaintiff made a contract with the broker representing the other side by the terms of which he, the plaintiff, was to give one half or any part of his commission to such broker, and if such contract between the two brokers was not known and assented to by the principals, the plaintiff cannot recover."

The judge refused to make either of these rulings and gave to the jury in substance the following instructions, which were requested by the plaintiff:

"The fact that the plaintiff had an arrangement with Miss Howe to divide his commission with her does not affect his rights in this case. If the jury finds that the negotiating of the exchange and the consummation of the agreement for exchange were accomplished between the principals, the defendant Blake and Mr. Scheffreen, and that the plaintiff merely brought the parties together, the plaintiff is entitled to such commission as was agreed upon between the parties, or, if the jury finds that there was no agreement, to the customary and established commission which applies to property such as the defendant Blake's was, and this, notwithstanding any agreement between the plaintiff and Miss Howe as to the division of the commission between them."

The jury returned a verdict for the plaintiff in the sum of $2,384.78, of which, by order of the judge on a motion for a new trial, the plaintiff remitted $525.50, leaving the verdict to stand in the sum of $1,859.25. The defendant alleged exceptions.

*G. S. Taft,* for the defendant.

*S. R. Jones,* (*C. L. Favinger* with him,) for the plaintiff.

CROSBY, J.   This is an action to recover a commission for services rendered by the plaintiff in connection with the exchange of an apartment house in Boston, owned by one Scheffreen, for certain real estate in Worcester, owned by the defendant.

The contention of the plaintiff that he was merely a middleman and not a broker cannot be sustained.   The distinction between a middleman and a broker is clearly defined and has been pointed out by many decisions of this court.   A middleman is not subject to the rules governing brokers.   He is employed merely to bring the parties together, when each desires to exchange his property for that of the other, or where one desires to sell and the other to purchase property.   In such a transaction, the services are not rendered by one acting as the agent of either party.   He merely puts them in a position where they may make their own contracts, and he may later receive a commission from both.   *Rupp* v. *Sampson,* 16 Gray, 398.   The distinction between a broker employed as the agent of a person to buy, sell or exchange property, and a middleman is pointed out in *Walker* v. *Osgood,* 98 Mass. 348.

In the case at bar, it is plain that the plaintiff acted not as a mere middleman, but as a broker in the transaction, and was the defendant's agent.   The declaration alleges that "the defendant undertook and agreed to pay to the plaintiff the usual commission for procuring a customer for or for the effecting of such exchange;" the plaintiff testified, "I was the broker representing Mr. Blake;" he introduced evidence to show the usual broker's commission for procuring a customer for such property.   The judge, in his charge to the jury, treated the action as one brought to recover a broker's commission, and the bill of exceptions recites that it is an action brought for that purpose.

It is manifest that the case was treated by the parties and by the presiding judge as an action to recover a broker's commission and not for services rendered as a middleman.   No exception was taken by either party to that part of the judge's charge in which he stated to the jury that it was "simply a case of a broker employed."   He made no reference to the difference between a broker and a middleman.   The question cannot now be raised.

The undisputed evidence shows that the plaintiff agreed to

give to the broker who acted for Scheffreen one half of his commission, although there was no agreement that the plaintiff should be paid any part of the commission which Scheffreen's broker was to receive. The agreement between the plaintiff and the broker acting for Scheffreen was not known either by the defendant or by Scheffreen. This secret agreement by which Scheffreen's broker was to get not only a commission from him but was to receive also one half of the plaintiff's commission, was a direct fraud upon Scheffreen; this fraud was participated in by the plaintiff. Whether the defendant was harmed or benefited is immaterial: such an agreement is against public policy. And while the agreement in the present case differs from the one disclosed in *Quinn* v. *Burton,* 195 Mass. 277, in that the plaintiff in that case was to share in the commissions paid by both parties, still in principle the cases cannot be distinguished.

The employment of the plaintiff by the defendant was such that he was bound to act with the utmost fidelity and good faith, free from any secret and fraudulent agreement which might subject him, or Scheffreen's broker, to temptation to act adversely to the interests of his employer.

The record shows that Scheffreen's broker was to receive from him a commission of $500; that broker was to receive also one half of the plaintiff's commission, which would result in Scheffreen's broker being paid a sum very largely in excess of $500 out of the commission to be paid by the defendant. The fact that the plaintiff was not to share in the commission which Scheffreen was to pay cannot divest the bargain of its illegal character. It was a fraudulent transaction, contrary to public policy, which would prevent the plaintiff from recovering any commission from the defendant. *Thwing* v. *Clifford,* 136 Mass. 482. *Quinn* v. *Burton, supra. Sullivan* v. *Tufts,* 203 Mass. 155. *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197. The case of *Alvord* v. *Cook,* 174 Mass. 120, is not an authority in favor of the plaintiff. The decision in that case rests upon the special contract entered into by the parties as pointed out in *Quinn* v. *Burton, supra,* and is distinguishable from the case at bar.

So far as the case of *Chase* v. *W. G. Veal & Co.* 83 Texas, 333, cited and much relied on by the plaintiff, is contrary to the conclusion herein reached, we cannot follow it.

In view of the conclusion reached, we need not determine whether the agreement entered into by the plaintiff with Scheffreen's broker is in violation of St. 1909, c. 514, § 28, and thereby made a criminal offence which would preclude the plaintiff from recovery.

As for the reasons stated the plaintiff cannot recover, it is unnecessary to decide whether the federal revenue stamps placed on the deeds delivered by the parties were competent evidence of the value of the property conveyed thereby, or were admissible for any other purpose.

The defendant's first request for a ruling that the plaintiff is not entitled to recover should have been given. The exceptions must be sustained and judgment should be entered for the defendant in accordance with St. 1909, c. 236.

*So ordered.*