## SWEENEY & MOORE, INC., *v.* CHAPMAN.

1. FRAUD—QUESTION FOR JURY—BROKERS.
    In action to recover for services rendered defendant in connection with the purchase of real estate, question of misrepresentation *held,* one of fact properly submitted to jury.

2. BROKERS—BREACH OF DUTY AS AGENT—FORFEITURE OF COMMISSIONS.
    Generally speaking, a broker may forfeit his right to compensation by misconduct, breach of duty, or wilful disregard, in a material respect, of an obligation imposed upon him by the law of agency.

3. PRINCIPAL AND AGENT—FIDUCIARY RELATIONS—ADVERSE INTEREST OF AGENT—DISCLOSURE.
    The law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal.

Forfeiture of agent's compensation, see 2 Restatement, Agency, § 469.
Duty to disclose adverse interest, see 2 Restatement, Agency, §§ 381, 389–392.

4. Brokers—Splitting Commissions—Public Policy.

An agreement between real-estate brokers, representing differ-
ent principals, to pool or divide their commissions, is a breach
of good faith toward their principals, is void as against public
policy, and deprives the brokers of their right to compensation
unless both principals consent thereto, even though the prin-
cipals themselves finally conclude the sale.

5. Principal and Agent—Interest of Agent Adverse to Principal.

It is the policy of the law to remove all temptation in an agent
to be influenced by his own interest to the detriment of his
principal.

6. Brokers—Secret Agreement to Split Commissions—Statute
of Frauds—Breach of Faith.

Fact that a secret agreement to split commissions between real
estate agents may have been unenforceable under the statute
of frauds is immaterial in broker's action to recover commis-
sion for purchase of real estate as the breach of faith in-
volved, not the unenforceability of the agreement, bars re-
covery (3 Comp. Laws 1929, § 13417).

7. New Trial—Partial New Trial.

In broker's action for commissions alleged to have been earned
incident to defendant's purchase of real estate, in which trial
court erroneously instructed jury to disregard any testimony
pertaining to a claimed secret oral agreement between agents
to split commissions, case is remanded for partial new trial
for determination of issue as to existence of such an agree-
ment (Court Rule No. 47, § 2 [1933]).

8. Same—Judgment on Partial New Trial.

Upon remand for partial new trial to determine issue as to
existence of alleged secret agreement between real estate agents
to split commissions incident to purchase of real estate, a
judgment on such issue for plaintiff broker would require
entry of a judgment for plaintiff in the amount of former
judgment with interest from its date and finding for de-
fendant would require entry of judgment of no cause of
action (Court Rule No. 47, § 2 [1933]).

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted June 4, 1940. (Docket No. 8, Calendar No.
41,029.) Decided November 13, 1940.

Assumpsit by Sweeney & Moore, Incorporated, a Michigan corporation, against Everett L. Chapman on a written agreement to pay for services in connection with the purchase of real estate. Cross-declaration for fraud. Judgment for plaintiff. Defendant appeals. Reversed and remanded for partial new trial.

*Lewis & Watkins* (*John R. Watkins,* of counsel), for plaintiff.

*Chapman & Kosel,* for defendant.

Bushnell, C. J. Plaintiff corporation sued defendant on his written agreement to pay $687.50 for services in connection with the purchase of residential property in the city of Detroit. Plaintiff's employee, Paul Schoeffel, arranged for the purchase of this property from Mrs. Mary A. Pfleiger. She had given an exclusive listing to Alfred P. Adamo, whose agency agreement expired November 22, 1937. Prior to this date Mrs. Pfleiger agreed with Schoeffel to sell the property to defendant. After the transaction was consummated defendant refused to pay plaintiff for its services, claiming that Schoeffel and Adamo had made an agreement to divide commissions and that Schoeffel had misrepresented the amount of taxes annually assessed against the property.

The court refused to permit the jury to consider the matter of split commissions and submitted the question of misrepresentation. The jury returned a verdict for plaintiff in the full amount claimed. Defendant appeals from the judgment entered upon the verdict.

Misrepresentation in this case was a question of fact which was properly submitted to the jury.

Did the court err in refusing to submit to the jury the question of the claimed oral agreement to split commissions?

The general rule is that a broker may forfeit his right to compensation by misconduct, breach of duty, or wilful disregard, in a material respect, of an obligation imposed upon him by the law of agency. A corollary of this rule is that "the law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal." *Hogle* v. *Meyering* (syllabus), 161 Mich. 472. An agreement between real-estate brokers, representing different principals, to pool or divide their commissions, is a breach of good faith toward their principals and void as against public policy. Such an agreement deprives the brokers of their right to compensation unless both principals consent thereto. This rule applies even though the principals themselves finally conclude the sale. *Corder* v. *O'Neill*, 207 Mo. 632 (106 S. W. 10) (reviewing many cases); *Quinn* v. *Burton*, 195 Mass. 277 (81 N. E. 257); *Tracey* v. *Blake*, 229 Mass. 57 (118 N. E. 271); *Devine* v. *Hudgins*, 131 Mo. 353 (163 Atl. 83); also, see cases collected in the annotation in 14 A. L. R. 464, at page 471, 12 C. J. S. p. 164, § 72, and 1 Mechem on Agency (2d Ed.), p. 1191.

In *Levy* v. *Spencer*, 18 Col. 532, 537 (33 Pac. 415, 36 Am. St. Rep. 303), the court said:

"In our judgment, this agreement comes clearly within that class of contracts that are inhibited by public policy, and consequently void. By its terms each agent was to share in the commissions paid by both principals. The compensation to be jointly shared was contingent upon the consummation of the trade or sale; and this would have a tendency to induce them to disregard, if not to sacrifice, the

interests of their principals, if necessary to effect that result. The fact that a sale price was fixed by the principals upon their respective properties does not answer this objection. Each was entitled to the benefit of the unbiased judgment of his agent as to the value to be placed upon the other's property, and to a reasonable effort on the part of such agent to obtain a reduction of the value to be allowed therefor in the exchange. Their pecuniary interest might have prevented such disinterested action on the part of these agents.''

While no Michigan cases involving the splitting of brokers' commissions have been found, this court held a tacit agreement between two doctors for division of fees void as against public policy, and barred recovery against the patient. *McNair* v. *Parr,* 177 Mich. 327. An agent was denied the right to commission from his principal where he did not disclose the fact that a corporation in which he was interested as a stockholder and director was the real purchaser. *Humphrey* v. *Eddy Transportation Co.* 107 Mich. 163. This Court said in the latter case:

''This is one of those contracts which are 'opposed to open, upright, and fair dealing, and therefore opposed to public policy.' It is immaterial that the plaintiff acted in good faith, or that the defendant suffered no damage. It is the policy of the law to remove all temptation in an agent to be influenced by his own interest to the detriment of his principal.''

Plaintiff claims that, because the alleged contract between the agents is unenforceable under the statute of frauds (3 Comp. Laws 1929, § 13417 [Stat. Ann. § 26.922]), *Smith* v. *Starke,* 196 Mich. 311, and *Renaud* v. *Moon,* 227 Mich. 547, it cannot be asserted to defeat his action. This position is not tenable. The purpose of the rule is to insure fidelity and undivided allegiance. It is the breach of faith that bars recovery. Whether the agent's secret agree-

ment is enforceable is immaterial. The rule does not require that the agent actually profit from his secret agreement. An analogous situation was involved in *Van Leeuwen* v. *Huffaker,* 78 Utah, 521, 536 (5 Pac. [2d] 714). In that case a broker's assignee sought to recover commission due from a principal. The defense was dual agency. Plaintiff claimed that the rule against dual agency could not preclude him because his contract with the other principal was not in writing and therefore void under the Utah statutes relating to such contract. Comp. Laws of Utah, 1917, § 5817. The court said:

"We do not approve this argument. * * * The vice of the situation, where an agent represents both parties without their knowledge and consent, is that he is representing interests which are adverse to each other and his duties are conflicting, and it is no less vicious because his contract with one side or the other happens to be void because not in writing."

The court instructed the jury to disregard any testimony pertaining to the claimed oral agreement to split commissions. In this respect the court erred. Because of this error, the judgment must be set aside and the cause remanded for the submission of the single disputed question of the alleged secret agreement to split commissions. In the event of a judgment on this issue for the plaintiff, it shall be in the amount of the former judgment, with interest from its date, under the authority of Court Rule No. 47, § 2 (1933), which provides:

"Partial new trials, limited to one or some of the issues or matters tried, may be ordered by trial courts or by the Supreme Court in proper cases."

In the event the verdict on this issue is for defendant, a judgment of no cause of action shall be entered.

The judgment is reversed and a partial new trial is granted, with costs to appellant.

SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.