ATTORNEY GENERAL, *ex rel.* COMMISSIONER OF INSUR-
ANCE, *v.* LAPEER FARMERS MUTUAL FIRE INS. ASSN.

CLAIM OF IVORY.

1. APPEAL AND ERROR—CHANCERY APPEAL—STATUTES.
    Appeal from a chancery decree or order is a statutory right
    (3 Comp. Laws 1929, § 15508).

2. SAME—APPEAL OF RIGHT—FINAL ORDERS.
    An appeal of right in a chancery case is proper only from a
    final judgment or order.

3. SAME—RIGHT TO APPEAL—EFFECT OF ORDER.
    The right to appeal is determined not by the form of the chancery
    order or decree, but by its effect (3 Comp. Laws 1929, § 15508).

4. SAME—FINAL ORDER—LEAVE TO APPEAL UNNECESSARY.
    If an order may finally dispose of a portion of the subject mat-
    ter in controversy, it is a final order and leave to appeal need
    not be obtained.

5. SAME—FINAL ORDER—RECEIVERSHIP PROCEEDING—CLAIM FOR COM-
    PENSATION—POSTPONEMENT OF PAYMENT.
    Order allowing claim for services, filed by secretary-treasurer
    of an insolvent farmers mutual fire insurance company in
    receivership, as recommended by the receiver, reciting that
    the receiver had filed a claim against the claimant and his
    bondsman and providing that no money be paid claimant
    until the further order of the court, constituted a final deter-
    mination of the claimant's right to compensation for his
    services notwithstanding actual payment was delayed, hence
    the order was a final and appealable one (3 Comp. Laws
    1929, § 15508).

6. CORPORATIONS — OFFICERS — COMPENSATION — FRAUD — MISMAN-
    AGEMENT.
    An officer may forfeit all right to compensation because of
    fraud, misconduct, or gross neglect in the management of
    the corporation or in the performance of his duties in view
    of the relationship between an officer and the corporation.

7. Insurance—Farmers Mutual Fire Association—Claim for
   Compensation—Officers—Mismanagement.

   Claim by secretary-treasurer of an insolvent farmers mutual fire
   insurance association for salary, collection fees and fees
   incident to increases and decreases of insurance and interest
   on unpaid balances is disallowed in its entirety where evi-
   dence is overwhelming that there was gross neglect of duty
   in the management of the affairs of the association and
   that claimant was largely responsible for such mismanage-
   ment.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted January 10, 1941. (Docket No. 71, Calendar
No. 40,509). Decided April 8, 1941.

Bill by Harry Toy, Attorney General of the State
of Michigan, *ex rel.* John C. Ketcham, Commissioner
of Insurance of the State of Michigan, against
Lapeer Farmers Mutual Fire Insurance Associa-
tion for its dissolution. William E. Ivory presented
his claim. Earl West and others intervened to ob-
ject to allowance of the claim. Claim allowed. In-
terveners appeal. Reversed.

*Roland O. Kern,* for claimant.

*Albert McClatchey* and *John F. Jordan,* for inter-
veners.

*Walter S. Foster* and *Clark, Klein, Brucker &
Waples, amici curiae.*

Sharpe, C. J. The Lapeer Farmers Mutual Fire
Insurance Association was incorporated in 1871. In
1932, it had $8,182,669 of fire insurance in force. It
operated in Lapeer and adjacent counties and was
last incorporated in 1931 under the provisions of

Act No. 256, Pub. Acts 1917, as amended, being 3 Comp. Laws 1929, §§ 12592–12621,* which is part 4, chap. 4, of the insurance code.

In September, 1935, the attorney general on the relation of the commissioner of insurance of the State of Michigan filed a bill of complaint in Ingham county, the purpose of which was to secure the appointment of a receiver "to take possession of, collect and receive all of the property, chose in action, equitable interests and effects of said defendant company." On September 17, 1935, the defendant insurance company filed an appearance and answer by which it admitted that it "is in a very bad way financially and that it should not go along any longer as an insurance company." The above appearance and answer was signed by Claude Sleeman, secretary and treasurer and successor of William E. Ivory, who had acted in that capacity from April 1, 1927, to May 28, 1935.

On September 17, 1935, the commissioner of insurance was appointed statutory receiver of the insurance company and on September 30, 1935, William G. Simpson, deputy insurance commissioner, was appointed receiver and was ordered to: "cause an accounting to be had of all transactions here in the company, or any person connected therewith in any capacity, is involved, and to report his findings to this court as to all matters involved in said receivership."

February 28, 1936, William E. Ivory filed a claim for the lump sum of $5,703.65 "for salary and fees as secretary-treasurer of the Lapeer Farmers Mutual Fire Ins. Assn. as O.K. by the board of directors for the years 1931–1935 inclusive. Policy No. 3769 with interest at 5 per cent as specified in the minutes of the association." This was later

---

* See Stat. Ann. §§ 24.442–24.471.—REPORTER.

itemized to include interest and increased the claim for such years to $5,858.77. On April 27, 1936, an "order fixing time of hearing on claims" was filed. On June 1, 1936, one Rena Rice filed an objection to the Ivory claim. On July 21, 1937, Earl West and others, appellants herein, filed a petition for continuance on the hearing on claims and objections to the Ivory claim, claiming that Ivory is heavily indebted to the association by reason of maladministration of his office as secretary and treasurer.

This claim was investigated by the receiver and he recommended that it be allowed in the sum of $5,095.13. On October 21, 1937, the trial court allowed the claim as recommended by the receiver, subject to the following condition:

"It appearing that a claim having been filed by the receiver against said William E. Ivory and the Michigan Surety Company, his bondsman, that no money be paid by the receiver upon said claim until further order of this court."

After the allowance of the above claim, Earl West and others filed a motion for rehearing which was denied; they appeal.

It is urged by William E. Ivory, appellee, that the order allowing his claim is not a final order and hence not appealable.

In *Commissioner of Insurance* v. *Lloyds Insurance Co. of America, Inc.,* 287 Mich. 599, 607, we said:

"Appeal from a chancery decree or order is a statutory right, 3 Comp. Laws 1929, § 15508 (Stat. Ann. § 27.2608); an appeal of right is proper only from a final judgment or order, *In re Widening Woodward Avenue,* 265 Mich. 87; the right to appeal is determined not by the form of the order or decree, but by its effect, *Perrin* v. *Lepper,* 72 Mich. 454. In *Equitable Trust Co.* v. *Bankers Trust Co.,*

268 Mich. 394, we held that if the order might finally dispose of a portion of the subject matter in controversy, it is a final order and leave to appeal need not be obtained.''

The order in this case is final as it determines the claimant's right to compensation for his services, as secretary-treasurer of the insurance company. The effect of the proviso is to delay payment of the amount. It does not affect the right to pay. It merely postpones its realization.

Appellants urge that claimant is not entitled to compensation for services because of his mismanagement and maladministration of his · office as secretary-treasurer of the company. It is the generally accepted rule that an officer may forfeit all right to compensation because of fraud, misconduct, or gross neglect in the management of the corporation or in the performance of his duties. 5 Fletcher, Cyclopedia of Corporations (Perm. Ed.), § 2145, p. 462. The basis for this doctrine is the relationship between the corporate officer and the corporation. It has been placed on the grounds of agency (*Hinkley* v. *Sagemiller*, 191 Wis. 512 [210 N. W. 839]), or that a corporate officer occupies a position analogous to that of a trustee (*Eaton* v. *Robinson*, 19 R. I. 146 [31 Atl. 1058, 29 L. R. A. 100]), but the cases where this principle has been applied to deny a corporate officer his salary have usually been tainted with bad faith (*Backus* v. *Finkelstein*, 23 Fed. [2d] 357; *Flint River Pecan Co.* v. *Fry* [C. C. A.], 29 Fed. [2d] 457).

It appears to be undisputed that Ivory as secretary-treasurer of the company did not keep its books and records in a proper manner; that he did not make a proper record of policy membership; that he did not have the assessment roll completed at the time of the audit; that he did not make a strenuous effort to collect unpaid assessments; that

he violated the provisions of the charter of the corporation; and that he failed to report and account for all moneys collected.

We realize that it would serve no useful purpose to detail the many shortcomings of Mr. Ivory in connection with his services as secretary-treasurer of the insurance company and we also realize that some of the responsibility must be shared by the board of directors. But as secretary-treasurer, Ivory was the moving spirit in the business of the company and it was his duty to keep accurate records of all company transactions as well as to make proper reports to his board of directors and to file proper reports with the insurance commissioner. The record is replete with testimony that the affairs of the company were grossly mismanaged; and that this mismanagement was directly caused by reason of the fact that Mr. Ivory was secretary-treasurer of the company over a period of years.

Mr. Ivory has filed a claim in which he seeks compensation for four years salary at $600 per year, for collection fees during this period of $2,446.61, for fees incident to increases and decreases of insurance of $398.95, and interest on unpaid balances in the sum of $613.21.

The record does not satisfy us that any part of the above claim should be allowed. The evidence is overwhelming that there was gross neglect of duty in the management of the affairs of the insurance company; and that Mr. Ivory was largely responsible for such mismanagement.

It follows that the decree of the trial court is reversed and the claim disallowed in its entirety. Appellants may recover costs.

BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL JJ., concurred.