# STATE OF MICHIGAN

# COURT OF APPEALS

MASTECH, INC,

        Plaintiff/Counterdefendant-
        Appellant,

v

BLEICHERT, INC,

        Defendant/Third-Party Plaintiff/
        Counterplaintiff-Appellee,

and

MASTECH MANUFACTURING, LLC and
MICHAEL O'BRIEN,

        Third-Party Defendants.

UNPUBLISHED
November 13, 2014

No. 317467
Macomb Circuit Court
LC No. 2011-001220-CK

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

        MasTech, Inc. (MasTech) appeals as of right the trial court's judgment of no cause of action with respect to MasTech's claims against Bleichert, Inc. (Bleichert). The judgment also ordered MasTech to pay Bleichert $90,000 in attorney fees. The judgment reflected an arbitration award issued after all parties agreed to submit their claims to arbitration.[1] We affirm.

        MasTech contends that the trial court erred in denying its motion to vacate the arbitrator's award. We disagree.

---

[1] The trial court entered a judgment of zero with respect to Bleichert's counterclaims against MasTech and Bleichert's third-party claims against MasTech Manufacturing, L.L.C. (MML) and Michael O'Brien. These judgments also reflected the arbitrator's award. These claims are not at issue, as MasTech was the only party to appeal.

-1-

"This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award."[2] Because the parties' agreement to arbitrate provided that a judgment could be entered on the arbitration award, the agreement was for statutory arbitration.[3] The court rule pertaining to judicial review and enforcement of statutory arbitration agreements[4] provides, in relevant part, that a trial court may vacate an arbitration award on the following grounds:

> (a) the award was procured by corruption, fraud, or other undue means;
>
> (b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;
>
> (c) the arbitrator exceeded his or her powers; or
>
> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.
>
> The fact that the relief could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.[5]

An arbitrator exceeds his powers when he "act[s] beyond the material terms of the contract from which [he] primarily draw[s] [his] authority, or in contravention of controlling principles of law."[6]

> [W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside.[7]

---

[2] *City of Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

[3] See *Nordlund & Assoc, Inc v Village of Hesperia*, 288 Mich App 222, 226-227; 792 NW2d 59 (2010).

[4] *Id*. at 227.

[5] MCR 3.602(J)(2).

[6] *Nordlund*, 288 Mich App at 228 (citation and quotation marks omitted).

[7] *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004) (citation and quotation marks omitted; alteration in original).

"There is no requirement that a verbatim record be made of private arbitration proceedings, there are no formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required."[8]

Arbitration, by its very nature, restricts meaningful legal review in the traditional sense. As a general observation, courts will be reluctant to modify or vacate an award because of the difficulty or impossibility, without speculation, of determining what caused an arbitrator to rule as he did. The informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award. Reviewing courts are usually left without a plainly recognizable basis for finding substantial legal error. It is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable . . . . In many cases the arbitrator's alleged error will be as equally attributable to alleged "unwarranted" factfinding as to asserted "error of law". In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are unreviewable.[9]

First, MasTech argues that the arbitrator's award should be vacated because the arbitrator's findings of fact were inconsistent. MasTech, however, provides no legal support for the proposition that a trial court can vacate an arbitrator's award based on inconsistencies in the arbitrator's findings of fact. An appellant must support his argument with citation to an appropriate authority.[10] "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."[11] The existence of inconsistent factual findings is not a listed ground to vacate an arbitration award[12] and, in fact, findings of fact are not reviewable.[13] Thus, MasTech's claim must fail.

Moreover, MasTech's claims of alleged inconsistencies are without merit. MasTech argues that the arbitrator did not provide specific examples to support his findings that MasTech breached the sales representative agreement and did not establish when MasTech first breached

---

[8] *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 428; 331 NW2d 418 (1982).

[9] *Id*. at 429.

[10] MCR 7.212(C)(7); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626; 750 NW2d 228 (2008).

[11] *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (citation and quotation marks omitted).

[12] MCR 3.602(J)(2).

[13] *Gavin*, 416 Mich at 429.

the agreement. This is not an inconsistency and, regardless, the arbitrator found that from 2004 to 2011, MasTech and Michael O'Brien engaged in a pattern of "deception, dishonesty, half-truths, covert activity, and less than full disclosure." It found that MasTech breached its duties of good faith and fair dealing by not disclosing O'Brien's interests in the MasTech companies, failing to present all required sales opportunities to Bleichert, and not trying to sell all Bleichert products as required under the sales representative agreement. In so finding, the arbitrator set forth the factual basis for his ruling, as required by the arbitration agreement.

MasTech also argues that that there is an inconsistency between the arbitrator's finding that MasTech's first material breach also included a violation of its duties under certain provisions of the sales representative agreement and its conclusion that there was no impropriety with regard to the jobs listed in Exhibit 107B. These findings, however, are only inconsistent if this Court considers the alleged admission of Bleichert's counsel at the arbitration hearing that Bleichert had no evidence of breaches of those provisions of the sales representative agreement, other than the 107B projects. Thus, even if reviewable, any inconsistency is not apparent on the face of the award.[14]

The next asserted inconsistency is the arbitrator's failure to find that the services performed by MasTech, for which the commissions in question were earned, were improperly performed, while at the same time deciding to award such commissions to Bleichert. This alleged factual inconsistency is closely related to MasTech's assertion that the arbitrator misinterpreted and misapplied the law, which is reviewable.[15] MasTech argues that the arbitrator misapplied the relevant law by concluding that MasTech was not entitled to any of the commissions it had not been paid, even those for services properly performed. MasTech argues that the arbitrator found no evidence of damages to Bleichert resulting from MasTech's breach of fiduciary duty, yet the arbitrator essentially awarded Bleichert $890,833.89—the amount of the unpaid commissions—for this breach.

The faithless agent rule provides that an agent who engages in misconduct is not entitled to the compensation related to the act that was performed improperly.[16] However, "[i]t is the generally accepted rule that an officer may forfeit all right to compensation because of fraud, misconduct or gross neglect in the management of the corporation or in the performance of his duties."[17]

---

[14] *Id*. at 428-429; *Saveski*, 261 Mich App at 555.

[15] See *Nordlund*, 288 Mich App at 228.

[16] See *Harris v Specialties Distrib Co*, 305 Mich 373, 379; 9 NW2d 645 (1943) (noting that the employee had no right to profit from improper sales and his claim should be reduced by the fees of gratuities he received); *Rippey v Wilson*, 280 Mich 233, 245; 273 NW 552 (1937) (noting that an attorney may lose his right to fees if he engages in unprofessional conduct, but when services are severable, misconduct in one phase does not result in forfeiture of fees in another phase).

[17] *Toy ex rel Ketcham v Lapeer Farmers Mut Fire Ins Ass'n*, 297 Mich 188, 192; 297 NW 230 (1941); see also *Sweeney & Moore v Chapman*, 295 Mich 360, 363; 294 NW 711 (1940) (noting

In his award, the arbitrator concluded that MasTech "engaged in serious misconduct, breach of its duties of full disclosure and of good faith and fair dealing – all representing a material breach of the 2007 Sale Representative Agreement." The arbitrator found that from 2004 to 2011, "there was a clear and definite pattern by MasTech and Michael O'Brien of deception, dishonesty, half-truths, covert activity, and less than full disclosure." The arbitrator concluded that "MasTech repeatedly breached its duty to fully, fairly, and honestly disclose information about Michael O'Brien's actual ownership interests" in the MasTech-related companies. These conclusions indicate that the arbitrator found that MasTech engaged in willful misconduct. Thus, the arbitrator could have required MasTech to forfeit its right to all compensation under the sales representative agreement.[18] Instead, the arbitrator decided that MasTech should only forfeit those commissions that Bleichert had not yet paid, which was actually a better result for MasTech. Regardless, any potential legal error is not subject to review as it is not "evident without scrutiny of intermediate mental indicia."[19] Further, even if the arbitrator's award of damages was not supported by case law and could not be granted by a trial court, "[t]he fact that the relief could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."[20]

Affirmed.


/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

that, generally, a broker forfeits his right to compensation by "misconduct, breach of duty, or wilful [sic] disregard"); 2 Restatement Agency, 2d, § 469, p 399 ("An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty; if such conduct constitutes a willful and deliberate breach of his contract of service, he is not entitled to compensation even for properly performed services for which no compensation is apportioned.").

[18] See *Toy*, 297 Mich at 192; *Sweeney*, 295 Mich at 363; 2 Restatement Agency, 2d, § 469, p 399.

[19] *Gavin*, 416 Mich at 429.

[20] See MCR 3.602(J)(2).