Case et al., Appellants, *v.* Business Centers, Inc., et al., Appellees.

(No. 75AP-487—Decided March 4, 1976.)

*Harris, Strip, Fargo, Schulman & Hoppers Co., L. P. A.,* and *Mr. Randal D. Robinson,* for appellants.

*Mr. Alan D. Lunsford,* for appellee Business Centers, Inc.

*Messrs. Tingley, Hurd & Emens, Mr. John V. Barger, III,* and *Mr. Thomas W. Hill,* for appellee Surrogate, Inc.

Holmes, J. This matter involves an appeal of a judgment of the Court of Common Pleas of Franklin County

which entered a judgment for defendants Business Centers, Inc., and Surrogate, Inc., in an action wherein the plaintiffs, former owners of property in Franklin County, Ohio, brought an action against the defendant Business Centers, Inc., as broker for the sale of such property. The complaint alleges the breach of a fiduciary duty; that defendant Surrogate, Inc., was not only the purchaser of such property but was also acting as broker for the plaintiffs; and that such defendant breached its duty to make full disclosure to the plaintiffs of any information relating to the resale of such property to another, and the splitting of a fee by and between Surrogate and defendant Business Centers, Inc.

The matter came before the trial court upon a lengthy series of stipulated facts and the briefs of counsel. The stipulation of facts was adopted by the trial court in its decision, where the court set forth a summary of the facts to the following effect. Mr. and Mrs. Case, the plaintiffs herein, owned property in Franklin County, Ohio, and had sought out Business Centers, Inc., as a real estate broker for a portion of the real estate that they were desirous of selling. A broker's agreement was thereupon entered into under which Business Centers, Inc., was to find a purchaser for such real estate and in the process thereof was to list such property on the multiple listing service of central Ohio.

Further, the facts show that through Business Centers, Inc., the plaintiffs entered into negotiations with the defendant Surrogate, Inc., also a real estate broker, who apparently was seeking property for its own office and commercial use. Thereafter, the facts show that the defendant Surrogate, Inc., entered into an option agreement with the plaintiffs for the purchase of the property for the sum of $70,000.

The stipulation of facts, at section 15, shows that at the top of the first page of the option contract was the statement "Ogan Gallery of Homes, Inc. coop with Surrogate, Inc." The stipulation of facts further states as follows:

*" * * *.* The sole reason that this clause was inserted in the contract was that it is a standard practice in the real estate brokerage industry for a listing broker to split his brokerage fee with the buyer of the property, if the buyer is a fellow broker. This is done merely as a courtesy among brokers. The above quoted statement on the October 3 purchase offer was only a reference to the fact that the brokerage fee would be split, as is the custom in the industry.

"None of the parties intended by that phrase to indicate that Surrogate, Inc. was or would be a broker for Plaintiffs. Plaintiffs at all times understood that Surrogate, Inc. was functioning only as a buyer on behalf of itself."

The defendant Surrogate, Inc., thereafter exercised its option, but, rather than utilizing such property for its own purposes, resold the property to a third party at a considerable profit margin.

The trial court, upon the facts as submitted to it within the stipulations, concluded that there was no fiduciary duty existing in this case between the plaintiffs and the defendant Surrogate, Inc. It further found that the arrangements between the plaintiffs and Surrogate "was an arms length transaction between a willing buyer and a willing seller, with the sellers completely aware that Surrogate was buying the property for its own purposes, its own office space, and was not enacting [sic] in any conceivable way as an agent for plaintiffs."

The plaintiffs appeal from the judgment of the Common Pleas Court, setting forth the following assignments of error:

"(1) The court erred in finding that Defendants had no fiduciary duty to disclose their agreement to split the commission on the sale of Plaintiffs' real estate.

"(2) The court erred in finding that Defendants did not breach their fiduciary duty of disclosure when they agreed to split the sales commission without the knowledge and consent of the Plaintiffs.

"(3) The court erred in finding that Plaintiffs are not

entitled to restitution of the sales commission paid to Defendants."

We are in agreement with the basic law as set forth by the plaintiffs relative to the duty of a real estate broker toward his principal in the negotiation and sale of real estate. We agree that it is the law of Ohio that a broker is a fiduciary who owes his principal the duties of disclosure, good faith and loyalty as to all matters within the scope of his employment. Also, we have no hesitancy in agreeing with the basic premise that generally fraud, bad faith, concealment of facts, or other breach of trust on behalf of a broker in dealing with his principal, will preclude recovery of a fee by a broker for services rendered to that principal.

The plaintiffs herein claim that the defendants, acting within their employment as brokers and owing to them a fiduciary duty of good faith, have breached such duty of a fiduciary to them as principals in not disclosing to the plaintiffs that both of these defendants, Business Centers, Inc., and Surrogate, Inc., were to split the real estate sales commission of $4,200. The plaintiffs cite no Ohio cases, but do cite a number of out-of-state authorities for the proposition that a broker who, without the knowledge and consent of his employer, secretly agrees to split his commission with a broker representing the opposing side in a real estate transaction, is guilty of a violation of his fiduciary duty to his employer and is not entitled to a sales commission. *Hageman* v. *Colombet* (1921), 52 Cal. App. 350, 198 P. 842; *Tracey* v. *Blake* (1918), 229 Mass. 57, 118 N. E. 271; *Sweeney & Moore, Inc.,* v. *Chapman* (1940), 295 Mich. 360, 294 N. W. 711; and *Ornamental and Structural Steel, Inc.,* v. *BBG, Inc.* (1973), 20 Ariz. App. 16, 509 P. 2d 1053.

Defendant Surrogate, Inc., concedes that the cases cited by the plaintiffs do in fact preclude the undisclosed fee-splitting between the seller's broker and the broker of the adverse party, or purchaser. However, Surrogate points out that the court, in *Ornamental Steel, Inc.,* v. *BBG, Inc.,* concluded that "* * * the right of a broker to com-

pensation is not defeated by his agreement to divide the commission with a person other than the broker of the adverse party regardless of whether such person is the adverse party, another broker not representing the adverse party, or a third person, and regardless of whether or not the principal has knowledge of the agreement. * * *"

The defendants argue that there was no splitting of commission between brokers in this instance, and that Surrogate, Inc., in buying the property from the plaintiffs, was not acting as a broker, but indeed was acting in its own behalf as the purchaser of the plaintiffs' property, which at that time Surrogate had intended to use for its own purposes. Therefore, the defendants conclude that the fee-splitting arrangement between Business Centers, Inc., and the purchaser of the property was not a fee-splitting agreement which constituted a breach of a fiduciary duty on the part of Business Centers, Inc., nor was it, as related to the defendant Surrogate, Inc., a fraud upon these plaintiffs.

We are not entirely in agreement with the defendants on this particular aspect of the case, in that we do not believe that they have enunciated the most desirable law to be applied to these facts. However, due to other factors which we set forth hereinafter, we must agree with the trial court in its judgment.

We have formerly alluded to the general applicable law to the effect that a broker, being a fiduciary, owes his principal the duties of disclosure, good faith and loyalty as to all matters within the scope of his employment.

As such a duty would relate to a disclosure of the division of a brokerage commission, we hold that the better policy, in keeping with the current public desire for open dealings, would require the broker of the seller to disclose to his principal any such division with others. We feel that sound public policy would require that disclosure be made of a division of the commission not only with the broker of the purchaser or adverse party, but also of a division with such adverse party or purchaser, or with another broker, or with a third party.

Relating to the specific facts and issues on this appeal, as they relate to defendant Surrogate, Inc., we must recognize that Surrogate was not acting in the capacity of an agent of the plaintiffs when it purchased the property. It was in fact shown to be the purchaser for its own purposes. Therefore, there was no fiduciary duty owing by it to the plaintiffs. Additionally, there was no fraud shown on the part of Surrogate.

Therefore, in this action, both as to the issue of profits, which was not appealed, and as to the issue of the split commission, which was appealed, the trial court was correct in dismissing the case as to the defendant Surrogate, Inc.

As to the facts and issues relative to the defendant Business Centers, Inc., this defendant was of course acting as the agent of the plaintiffs and, as such, owed duties of good faith and full disclosure as announced hereinbefore.

As to whether or not this defendant knew of the resale of the instant property by Surrogate, and the showing of good faith in this regard, we find the following in stipulation No. 23:

"At no time did Defendant Business Centers, Inc. or its agent, Arthur Koschny, have any knowledge that P. E. Martin & Associates and/or Mr. Phil Martin were ever engaged in any negotiations or contracts with Surrogate, Inc. relative to the potential or actual lease or sale of the subject property. The first time that Business Centers, Inc. and/or Koschny learned of any involvement by P. E. Martin was after the filing of this lawsuit."

From such stipulation, it can be concluded that the defendant Business Centers, Inc., did not know about the resale of such property by Surrogate, Inc., to the other party and, therefore, Business Centers, Inc., could not have breached a fiduciary duty in this regard.

Further as to the facts indicative of whether or not the plaintiffs knew about the commission splitting prior to the time of closing is a bit unclear. However, there are two stipulations which would reasonably indicate that the plaintiffs had been aware of such agreement.

One such stipulation was No. 15, as alluded to previously, in reference to the co-oping between Ogan Gallery of Homes, Inc., the predecessor of Business Centers, Inc., and Surrogate, Inc. Such a stipulation has within it the inference that the facts of the splitting of the real estate commission may have been observed and known by the plaintiff sellers. In addition to the aforestated stipulation, stipulation No. 4, stated, in essence, that the exclusive listing contract which was executed by plaintiffs and Business Centers, Inc., required that the property be listed with the multiple listing service of the Columbus Board of Realtors. It could reasonably be concluded by the trial court that any such information known by the sellers would have within it the reasonable inference that any such brokerage fee that would be paid upon the sale of such property would be divided between the cooperating multiple listing brokers.

The trial court herein properly could have found that there was no breach of a fiduciary duty by the defendant Business Centers, Inc., as relates to the plaintiff sellers. Therefore, based upon all of the foregoing, the assignments of error are hereby dismissed, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.