MILES ET AL., APPELLEES, *v.* PERPETUAL SAVINGS & LOAN COMPANY, APPELLANT, ET AL.

(No. 78-774—Decided May 9, 1979.)

94

*Aronson, Fineman & Davis Co., L. P. A.,* and *Mr. Bernard Fineman,* for appellees.

*Mr. Ronald E. Alexander,* for appellant.

*Per Curiam.* Appellant argues in its first proposition of law that the statutory obligation of a savings and loan to appraise property prior to approving a loan secured by the property (R. C. 1151.292[G] does not impose a duty to disclose to the borrower information concerning the property gleaned from the appraisal. We need not, and do not, reach that question upon the instant record.

One who acts as an agent for another becomes a fiduciary with respect to matters within the scope of the agency relation. *Connelly* v. *Balkwill* (1954), 160 Ohio St. 430, 116 N. E. 2d 701; *Cahill* v. *Antonelli* (R. I. 1978), 390 A. 2d 936; 3 American Jurisprudence 2d 580, Agency, Section 199. An agent owes his principal a duty to disclose all material information which the agent learns concerning the subject matter of the agency relation and about which the principal is not apprised. See *Smith* v. *Patterson* (1877), 33 Ohio St. 70, 75; *Spritz* v. *Brockton Sav. Bank* (1940), 305 Mass. 170, 25 N. E. 2d 155; *McKechan* v. *Wittels* (Mo. App. 1974), 508 S. W. 2d 277; 3 Corpus Juris Secundum 35, Agency, Section 272; 3 American Jurisprudence 2d 581, Agency, Section 200. Furthermore, where a principal suffers loss through his agent's failure to function in accordance with his duty, the agent becomes liable to the principal for the resulting damages. *Bank* v. *Bank* (1892), 49 Ohio St. 351, 30 N. E. 958; 3 Corpus Juris Secundum 80, Agency, Section 297; 1 Mechem on Agency (2 Ed.) 904, Section 1223.

Because of the facts at bar, we conclude that appellant, through its president, Russell, assumed the role of appellees' agent for the purpose of securing the termite inspection. From that relationship arose a duty to inform them of the results of the inspection, and the breach of that duty

resulted in the damages found by the jury to have been sustained by appellees. See *N & G Constr., Inc.* v. *Lindley* (1978), 56 Ohio St. 2d 415, 384 N. E. 2d 704; *True* v. *Hi-Plains Elevator Machinery, Inc.* (Wyo. 1978), 577 P. 2d 991; 1 Restatement of Agency 2d 8, Section 1, Comment on Subsection (1).

During the course of the trial, Russell stated that appellant was acting as agent for appellees in the settlement of this transaction. The record shows also that when appellees questioned Russell with regard to obtaining a termite inspection of the property, they were told that it was customary for appellant to handle such matters and that appellant would do so in this instance. In reliance that the inspection would be conducted and the results made available to them, no separate inspection was initiated by appellees.

Appellant alternately contends that a termite inspection initiated by a savings and loan institution is not intended for the benefit of the mortgagor, but is procured solely for the protection of depositors, and no duty exists to disclose the results. As heretofore stated, we do not decide this issue because the operative facts of this cause demonstrate that the instant termite inspection was also conducted for appellees' benefit. Therefore, appellant was duty bound to disclose the material facts relating to the termite infestation before recording the deed and distributing the purchase money proceeds.

Appellant urges further that a recovery of exemplary damages in an action based upon the fraudulent sale of property is permissible only where the operative fraud is aggravated, as where the perpetrator's actions are malicious, gross or wanton. Thus, appellant argues that the trial court erred in submitting the question of exemplary damages to the jury because no evidence was adduced which established that appellant's actions were motivated by actual malice. We agree. See *Logsdon* v. *Graham Ford Co.* (1978), 54 Ohio St. 2d 336, 376 N. E. 2d 1333; *Columbus Finance, Inc.*. v. *Howard* (1975), 42 Ohio St. 2d 178, 327 N. E. 2d 654; *Johnson* v. *Stackhouse Oldsmobile*

(1971), 27 Ohio St. 2d 140, 271 N. E. 2d 782; *Davis* v. *Tunison* (1959), 168 Ohio St. 471, 155 N. E. 2d 904; *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414, 66 N. E. 2d 224.

Acknowledging the closeness of the issue under the instant facts, we conclude that the record does not present a jury question of the existence of actual malice, or evidence from which reasonable minds could find that appellant acted in a malicious, wanton, or reckless manner. See *Logsdon* v. *Graham Ford Co., supra.*

The judgment of the Court of Appeals with respect to the award of compensatory damages is affirmed, and with respect to the award of exemplary damages is reversed.

*Judgment affirmed in part and reversed in part.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.