WALTER et al., Appellants,

v.

MURPHY et al., Appellees.

[Cite as *Walter v. Murphy* (1988), 61 Ohio App.3d 553.]

Court of Appeals of Ohio,
Wayne County.

No. 2372.

Decided Nov. 30, 1988.

*Charles A. Kennedy,* for appellants.

*John T. Keating* and *David N. Spector,* for appellees.

MAHONEY, Presiding Judge.

Appellants, Robert J. Walter and Jo Ann Walter, appeal from the judgment of the Wayne County Court of Common Pleas granting summary judgment in favor of appellees Jerri Murphy and James E. Murphy and dismissing the Walters' claims against appellees Real Estate Showcase, Inc. ("Showcase") and Leila Kennedy for failure to state a claim. We affirm.

## Facts

In the summer of 1987, the Walters sought to sell their home and purchase another. Jo Ann Walter, who is a licensed real estate agent, listed their home with the multiple listing service of the Wayne County Board of Realtors. Jerri Murphy, a real estate agent with Showcase, procured a buyer for the Walters' home.

The Walters sought to purchase a home from Juliet Blanchard. Kennedy, also a real estate agent with Showcase, was the listing agent for Blanchard. The Walters allege that upon receiving an offer from the Walters, Kennedy communicated the offer to the Murphys. The Walters further allege that the Murphys used this information to submit a better bid to Blanchard. Thereupon, Blanchard accepted the Murphys' offer and rejected the Walters' offer.

## Assignments of Error

"I. The trial court erred by granting summary judgment in favor of defendants Murphy for the reason there was a factual question as to whether defendants Murphy were liable to plaintiffs for the tort of intentional interference with prospective contractual relationship."

"III. The trial court erred by dismissing the complaint against defendants Kennedy and Showcase upon Rule 12(B)(6) motion for failure to state a claim upon which relief can be granted for the reason that the complaint set forth a cause of action for the tort of intentional interference with prospective contractual relationship based upon a breach of good faith."

In *Juhasz v. Quik Shops, Inc.* (1977), 55 Ohio App.2d 51, 9 O.O.3d 216, 379 N.E.2d 235, we discussed tortious interference with business. In that case, we were guided by 4 Restatement of the Law, Torts (1939) 63. We now have the benefit of the guidance of the Restatement of the Law 2d, Torts (1979). 4 Restatement of the Law 2d, Torts (1979) 20, Section 766B, defines the intentional interference with a prospective contractual relationship as:

"One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of

"(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or

"(b) preventing the other from acquiring or continuing the prospective relation."

Furthermore, Section 767 of the Restatement of Torts 2d, *supra*, at 26–27, provides the factors to be considered in determining whether the interference is improper:

"In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following factors:

"(a) the nature of the actor's conduct,

"(b) the actor's motive,

"(c) the interests of the other with which the actor's conduct interferes,

"(d) the interests sought to be advanced by the actor,

"(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

"(f) the proximity or remoteness of the actor's conduct to the interference and

"(g) the relations between the parties."

In granting summary judgment to the Murphys, the trial court was correct if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

With respect to Showcase and Leila Kennedy, the trial court properly dismissed the Walters' claim for failure to state a cause of action if:

"* * * it * * * appear[s] beyond doubt that appellee can prove no set of facts which would entitle him to relief. (*Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)" *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

In taking the Walters' allegations as true and in a light most favorable to the Walters, we find that the trial court was correct in its judgments with respect to the tort of intentional interference with prospective contractual relationship.

As explained below in assignments of error two and four, Jerri Murphy was merely a special agent for the sale of the Walters' home. Accordingly, Jerri Murphy's agency has no nexus to the sale of Blanchard's home and is thus irrelevant.

Appellees argue that the Murphys were properly competing with the Walters for Blanchard's home. Section 768 of the Restatement of Torts 2d, *supra*, at 39, provides factors to be used in determining whether competition is proper on improper interference:

"(1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if

"(a) the relation concerns a matter involved in the competition between the actor and the other and

"(b) the actor does not employ wrongful means and

"(c) his action does not create or continue an unlawful restraint of trade and

"(d) his purpose is at least in part to advance his interest in competing with the other.

"(2) The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will."

Keeping the aforementioned factors in mind, we find the appellees' argument well-taken. At the outset, we note that Leila Kennedy duly tendered the Murphys' offer to Blanchard. We find no indication in law or in fact that the Walters' offer to Blanchard was confidential. Indeed, we find nothing improper about Leila Kennedy communicating the Walters' offer to a third

person. Leila Kennedy was the selling agent for Blanchard and quite naturally was trying to obtain the highest bid for the seller. We find that the situation in the instant case was nothing more than a competitive bidding situation. Furthermore, none of the Walters' allegations rises to the level of improper interference. See *Weitting v. McFeeters* (1981), 104 Mich.App. 188, 304 N.W.2d 525.

Accordingly, the Walters' first and third assignments of error are overruled.

## Assignments of Error

"II. The trial court erred by granting summary judgment in favor of defendant Jerri Murphy for the reason there was a factual question as to whether she violated her fiduciary duty to the plaintiffs."

"IV. The trial court erred by dismissing the complaint against defendants Kennedy and Showcase upon Rule 12(B)(6) motion for failure to state a claim upon which relief can be granted for the reason that the complaint set forth a cause of action for breach of fiduciary duty to plaintiffs."

The Walters contend that in one way or another, the appellees breached a fiduciary duty to the Walters. We find that the Walters' allegations do not establish a fiduciary relationship. Although Jerri Murphy procured a buyer for the Walters' home, her agency was for that purpose only, *i.e.*, a special agency. Thus, her fiduciary duties to the Walters do not extend beyond the scope of the agency and do not carry over to the sale of Blanchard's home. *Miles v. Perpetual Savings & Loan* (1979), 58 Ohio St.2d 93, 12 O.O.3d 106, 388 N.E.2d 1364; *Case v. Business Centers, Inc.* (1976), 48 Ohio App.2d 267, 2 O.O.3d 229, 357 N.E.2d 47. Furthermore, neither Leila Kennedy nor Showcase was acting as the Walters' agent in the sale of Blanchard's home but rather they were the agent for Blanchard. Thus, the Walters' allegations of a breach of fiduciary duty based on an agency relationship are unfounded.

Accordingly, the Walters' second and fourth assignments of error are overruled.

## Summary

The Walters' assignments of error are overruled and the judgments of the trial court are affirmed.

*Judgments affirmed.*

QUILLIN and CACIOPPO, JJ., concur.