Appellant John Kilbury d/b/a Kilbury Builders ("Kilbury") is appealing the decision of the Delaware County Court of Common Pleas that granted Appellees Kevin and Marsy Bennett's motion to dismiss. The following facts give rise to this appeal.
In October 1995, Appellant Kilbury purchased unimproved real estate, in Delaware County, for the purpose of constructing residential dwellings. In order to develop the land, appellant began the process of obtaining approval to split the land into three lots. In December 1995, appellant began constructing a house on one prospective one and one-half acre lot. Following completion of the house, appellant held an "open house". On May 1, 1997, appellees, after attending the open house, entered into a purchase agreement to purchase the house from appellant. The purchase price of the house was $578,500.
In August 1997, prior to appellant obtaining approval for the lot split, appellees informed appellant they wanted to close on the property and move into the house because their previous house had sold. Appellant Kilbury claims he agreed to close prior to approval of the lot split as long as appellees agreed to deed back the additional two lots after he obtained approval for the lot split. Appellant Kilbury claims appellees orally agreed to do so, but refused to put the agreement in writing because they anticipated being immediately transferred and having to resell the house and did not want a problem with title to affect the sale of the house. Appellees claim they never agreed to this arrangement.
The parties closed, on the house, in September 1997. The deed transferred, to appellees, lot eighteen and a portion of lot nine, which appellant claims was not contemplated in the purchase agreement. Appellant eventually obtained lot split approval in December 1997. Appellant thereafter requested appellees to deed back the additional two lots. Appellees refused to do so.
On March 19, 1998, appellant filed a complaint in the Delaware County Court of Common Pleas. The complaint sets forth the following causes of action: conversion, tortious interference with business opportunities, unjust enrichment, fraud, breach of contract, and mutual mistake. Appellant amended his complaint on July 30, 1998. On April 16, 1998, appellees filed a motion to dismiss and for sanctions asserting the complaint failed to state a claim upon which relief may be granted on the basis that the Statute of Frauds provides that oral agreements to transfer real property are unenforceable.
The trial court granted appellees' motion to dismiss and denied their motion for sanctions on August 3, 1998. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' (SIC) MOTION TO DISMISS WHEN SUCH MOTIONS ARE VIEWED WITH DISFAVOR AND WHERE ALL FACTUAL ALLEGATIONS IN THE COMPLAINT ARE DEEMED ADMITTED.
 II. THE TRIAL COURT ERRED IN HOLDING THAT THE STATUTE OF FRAUDS BARRED APPELLANT'S CLAIM FOR BREACH OF CONTRACT WHEN APPELLANT PARTIALLY PERFORMED ON THE CONTRACT.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE HOLDING OF MARION PRODUCTION CREDIT ASSOC. V. COCHRAN (1988), 40 OHIO ST.3D 265, DISPOSED OF APPELLANT'S CLAIM OF FRAUD.
 IV. THE TRIAL COURT ERRED IN NOT ADMITTING PAROL EVIDENCE WHERE THE PARTIES' CONTRACT DID NOT CONTAIN ALL OF THE TERMS AGREED TO BY THE PARTIES AND DID NOT CONTAIN AN INTEGRATION CLAUSE.
 V. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM FOR CONVERSION WHERE DEFENDANT-APPELLEES (SIC) EXERCISED WRONGFUL DOMINION OVER APPELLANT'S PROPERTY.
 VI. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS OPPORTUNITIES WHERE DEFENDANT-APPELLEE'S (SIC) REFUSAL TO TRANSFER BACK REAL ESTATE WAS CONTRARY TO THE PARTIES' ORAL AGREEMENT AND PROHIBITED APPELLANT FROM CONTINUING HIS BUSINESS.
 VII. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM FOR UNJUST ENRICHMENT WHERE DEFENDANT-APPELLEES (SIC) RETAINED PROPERTY BELONGING TO APPELLANT.
 VIII. THE TRIAL COURT ERRED IN DISMISSING KILBURY'S CLAIM OF MUTUAL MISTAKE WHERE THE PARTIES WERE MISTAKEN AS TO A BASIC ASSUMPTION ON WHICH THE CONTRACT WAS MADE.
 Standard of Review
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel.Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,548. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56, 60. It is based on this standard that we review appellant's Assignments of Error Two through Eight.
 II
In his Second Assignment of Error, appellant contends the trial court erred in finding the Statute of Frauds barred his claim for breach of contract when he partially performed on the contract. We disagree.
Ohio Courts will permit an agreement to be removed from operation of the Statute of Frauds by virtue of either of the following: (1) partial performance; and (2) the doctrine of promissory estoppel. Saydell v. Geppetto's Pizza Ribs (1994),100 Ohio App.3d 111, 121, citing McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613,622; Weishaar v. Strimbu (1991), 76 Ohio App.3d 276. In support of this argument, appellant relies on the doctrine of partial performance and claims he partially performed the oral agreement by continuing to seek approval for the lot split after transferring the property to appellees.
The Statute of Frauds, codified in R.C. 1335.05 provides, in pertinent part:
 No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands * * * or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *.
This court has previously recognized that part performance of a contract by a party relying on an oral agreement is sufficient to remove the agreement from the requirements of the Statute of Frauds. See, Ross v. Belden Park Co. (1998), Stark App. No. 1996CA00429, unreported; Conklin v. Conklin (May 28, 1993), Delaware App. No. 92CAE07023, unreported; Shimko v.Marker (1993), 91 Ohio App.3d 458, 461. The doctrine of partial performance applies "* * * where the party relying on the agreement changes his position to his detriment thereby making it impractical or impossible to return the parties to their original status." Saydell at 121, citing Weishaar at 284.
We find the doctrine of part performance inapplicable, in the case sub judice, pursuant to the case of Marion Credit Assn. v.Cochran (1988), 40 Ohio St.3d 265. In Marion, the Ohio Supreme Court held:
 When a party voluntarily places his signature upon a note or other writing within the Statute of Frauds, and where that party's sole defense to an action brought upon the writing is that a different set of terms was orally agreed to at that time, such defense shall not be countenanced at law regardless of the theory under which such facts are pled. In such event, the writing alone shall be the sole repository of the terms of the agreement. Id. at paragraph four of the syllabus.
In the matter currently before the court, the purchase agreement, General Warranty Deed and title affidavit do not mention the alleged agreement in which appellant claims appellees agree to deed property back to appellant once he received lot split approval. Further, no writing exists evidencing this alleged agreement. Pursuant to Marion,
appellant's reliance on the doctrine of partial performance is misplaced as the writing alone is presumed to contain the terms of the parties' agreement.
Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, the trial court erred in finding the holding in Marion dispositive of his claim for fraud. We disagree.
In addressing the issue of fraud, in Marion, the Ohio Supreme Court referred to the case of Watson v. Erb (1877), 33 Ohio St. 35. In Watson, the Court discussed the type of fraud against which equity will grant relief. The Court explained:
 The fraud against which equity will grant relief * * * consists in the refusal to perform an agreement upon the faith of which the plaintiff has been misled to his injury, * * * and not in the mere moral wrong involved in a refusal to perform a contract, which, by reason of the statute of frauds, can not be enforced by [legal] action." Id. at paragraph two of the syllabus.
The Court also explained: "It must appear that the promise was used as a means of imposition and deceit. * * * The fraud which will give jurisdiction to compel a performance of the parol * * * [agreement] must consist in something more than a mere breach of parol undertaking. * * *." Id. at 48. We find appellant's claim for fraud is based on the mere breach of an oral agreement, which, by reason of the Statute of Frauds, can not be legally enforced.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant claims the trial court erred in not admitting parol evidence where the parties' contract did not contain all of the terms agreed to by the parties. We disagree.
In the case of Finomore v. Epstein (1984), 18 Ohio App.3d 88, paragraph one of the syllabus, the court of appeals defined the parol evidence rule and its applicability:
 The parol evidence rule prohibits the admission of testimony regarding prior or contemporaneous oral agreements which contradict or vary the terms of written agreements. However, introduction of contemporaneous oral representations is permitted when fraud is alleged.
Such evidence when not contradictory to the terms of a contract is admissible "* * * to illuminate the circumstances under which the contract was executed, and to explain the intent of the parties as reflected in the contract." Fodor v.First National Supermarkets (July 5, 1990), Cuyahoga App. No. 58587, unreported, at 4, citing Third National Bank ofCincinnati v. Laidlaw (1912), 86 Ohio St. 91, 100. The purpose of the parol evidence rule is to prohibit evidence which is intended to supersede and destroy the clear intention of a written instrument's provision, not to forbid extrinsic evidence in general. Owens v. Baker (1933), 48 Ohio App. 347, paragraph two of the syllabus; see, Schmuck v. Baldassarre
(Aug. 1, 1991), Cuyahoga App. No. 58746, unreported.
We explained in the case of Mid-Ohio Ford AMC-Jeep-Renault,Inc. v. The Huntington National Bank (March 21, 1989), Ashland App. No. CA-912, unreported:
 It is clear that an unambiguous contract cannot be explained by parole (sic) evidence. Thus, where the words of any written instrument are free from ambiguity in themselves, and where external circumstances do not create any doubt or difficulty as to the proper application of those words to claimants under the instrument, or as to the subject matter to which the instrument relates, such instrument is always to be construed according to the strict, plain common meaning of the words themselves; * * *. Id. at 4.
We find the trial court did not err when it excluded parol evidence concerning the alleged agreement whereby appellees agreed to deed back property to appellant. There is no writing which sets forth this agreement. The evidence sought to be introduced by appellant clearly contradicts the terms of the General Warranty Deed and affidavit of title. Parol evidence is only permissible to explain the circumstances and intent of the parties under which the contract was executed. Because appellant seeks to alter the terms of the deed and affidavit of title, we find the trial court properly excluded this parol evidence.
Appellant's Fourth Assignment of Error is overruled.
 V
Appellant maintains, in his Fifth Assignment of Error, the trial court erred in dismissing his claim for conversion where appellees exercised wrongful dominion over his property. We disagree.
Conversion is defined as the "* * * wrongful or unauthorized act of control or exercise of dominion over the personal property of another which deprives the owner of possession of his property." Taylor v. First Natl. Bank of Cincinnati (1986),31 Ohio App.3d 49, 52. Appellant argues that by refusing to deed back the two lots pursuant to the alleged agreement, appellees have deprived him of his possession of the property and prohibited him from continuing his business as a builder.
Because appellees' possession of the property is neither wrongful or unauthorized, we find the trial court properly dismissed appellant's conversion claim. Appellees have possession of the house and property pursuant to a purchase agreement voluntarily entered into by appellant and a General Warranty Deed voluntarily executed by appellant.
Appellant's Fifth Assignment of Error is overruled.
 VI
In his Sixth Assignment of Error, appellant contends the trial court erred when it dismissed his claim for tortious interference with business opportunities because appellees' refusal to transfer back the property to appellant prevented him from continuing his business. We disagree.
The tort of business interference occurs when a person, without privilege, induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship, or perform a contract with another. Juhasz v.Quik Shops, Inc. (1977), 55 Ohio App.2d 51, paragraph two of the syllabus. This definition was further defined in Walter v.Murphy (1988), 61 Ohio App.3d 553, wherein the court adopted the definition set forth in the Restatement of the Law 2d, Torts. This definition states as follows:
 One who intentionally and improperly interferes with another's prospective contractual relationship (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from the loss of the benefits of the relation, whether the interference consists of
 (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
 (b) preventing the other from acquiring or continuing the prospective relation. Id. at 555.
Under Ohio law, a party cannot tortiously interfere with another's business where the party acts in "* * * good faith [in] asserting a legally protected interest of his own."Pearse v. McDonald's (1975), 47 Ohio App.2d 20, 25. Because appellant voluntarily executed a General Warranty Deed transferring his entire interest, in the property at issue, to appellees, appellant is prohibited from claiming appellees committed a tort by relying on their deed because they have a legally protected interest of their own.
Appellant's Sixth Assignment of Error is overruled.
 VII
Appellant claims, in his Seventh Assignment of Error, the trial court erred in dismissing his claim for unjust enrichment where appellees retained property belonging to appellant. We disagree.
Unjust enrichment is an equitable doctrine in which the law implies a promise to pay the reasonable value of services rendered where one confers a benefit upon another without receiving just compensation for those services. Aultman Hosp.v. Community Mut. Ins. (1989), 46 Ohio St.3d 51, 55. It is well settled, in Ohio, that a party seeking a remedy under a contract cannot also seek equitable relief for unjust enrichment since absent evidence of fraud, illegality, or bad faith, compensation is governed by the parties' contract.Weiper v. W.A. Hill and Assoc. (May 31, 1995), Hamilton App. No. C-930871, unreported, at 6. We do not find any evidence of fraud, illegality or bad faith. Therefore, appellant is precluded from pursuing a cause of action for unjust enrichment.
Appellant's Seventh Assignment of Error is overruled.
 VIII
Appellant maintains, in his Eighth Assignment of Error, the trial court erred in dismissing his claim of mutual mistake where the parties were mistaken as to a basic assumption on which the contract was made. We disagree.
A mutual mistake occurs where the contract provision in question is contrary to the understanding of all of the contracting parties. Snedegar v. Midwestern Indemn. Co. (1988),44 Ohio App.3d 64, 69, citing Merill v. Hamilton (1982), 9 Ohio App.3d 111,112; Spitzer Hardware Supply Co. v. Dever (1967),11 Ohio App.2d 6, 8-9. In the case sub judice, there is no contract provision concerning appellees alleged agreement to deed property back to appellant therefore, there can be no mutual mistake as to this alleged agreement. Appellant knew at the time of closing that appellees refused to sign any document agreeing to deed property back to appellant. Finally, inReilley v. Richards (1994), 69 Ohio St.3d 352, 353, the Ohio Supreme Court recognized an action for mutual mistake in cases where there is an allegation that the parties were mistaken as to the "character of the real estate," such as its suitability for housing or farming. That is not the issue in the matter currently before the court.
Appellant's Eighth Assignment of Error is overruled.
 I
Finally, we will address appellant's First Assignment of Error. Appellant maintains, in this assignment of error, the trial court erred in granting appellees' motion to dismiss. We disagree.
Pursuant to the standard of review which requires that we accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party, we find the trial court did not err when it granted appellants' motion to dismiss pursuant to Civ.R. 12(B)(6). Appellant has failed to state any claims upon which relief may be granted.
Appellant's First Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, P. J., Edwards, J., concurs.
Hoffman, J., concurs separately.
---------------------------
---------------------------
 --------------------------- JUDGES