DECISION AND JUDGMENT ENTRY
This is an appeal of a summary judgment awarded by the Lucas County Court of Common Pleas to a manufacturer and its principal in a suit alleging unfair business practices. Because appellant failed to present evidence sufficient to raise a question of fact as to a fiduciary relationship between the parties, we affirm.
William Feniger is president of appellant, Meridian National, an Ohio based manufacturer which operates steel service centers in several locations, including Detroit, Michigan. Appellee George S. Hofmeister is Chief Executive Officer of American Commercial Holdings, of which American Commercial Steel, LLC and appellee American Commercial Industries are a part. Appellee Hofmeister and American Commercial Holdings are in the business of acquiring and operating metal manufacturing plants. In 1996 and 1997, the period relevant to this matter, appellee Hofmeister also held an equity position in appellant from a stock purchase totaling approximately $250,000.
At some point in 1996, a commercial broker distributed a sales brochure to potential buyers concerning a Detroit steel manufacturer, Harper Steel. Appellant and appellees received this brochure and submitted a confidentiality agreement necessary to obtain further information about the company.
According to appellee Hofmeister, appellant's stock price took a precipitous plunge in early 1997. Hofmeister attributed the drop to Feniger's handling of a stock bonus and suggested a meeting with Feniger to discuss the issue. On February 12, 1997, the two had lunch in a private dining room at a Cleveland club. Joining then was Jim Phillips, a Cleveland attorney with business ties to Hofmeister.
The participants in the business lunch agree that its purpose was to provide Feniger an opportunity to explain to Hofmeister how he intended to recover appellant's sagging stock value. While discussing his plans for appellant's future, Feniger revealed that Meridian National was in negotiations to purchase Harper Steel. It is undisputed that Hofmeister failed to tell Feniger that American Commercial Steel was also interested in acquiring Harper Steel and that, in fact, Hofmeister was scheduled to tour Harper's Detroit facility the next day.
American Commercial Steel eventually prevailed in the acquisition of Harper Steel. Appellant then sued, accusing appellees of a breach of fiduciary duty, misappropriation of trade secrets, fraud, and tortious interference with a business relationship.
Following discovery, appellees moved for summary judgment, arguing,inter alia, that Feniger voluntarily disclosed Meridian National's interest in Harper Steel and that neither appellee owed any duty to appellant to disclose their own interests in Harper or to withdraw in favor of appellant. The trial court concluded as a matter of law that appellees' relationship with appellant was not a fiduciary one, and, therefore, appellees had no duty to disclose their interest in Harper. The court further concluded that, absent such duty, Feniger's disclosure was voluntary. Thus, essential elements of a trade secret violation, fraud or interference with a business relationship were not shown. On these conclusions, the court granted appellees' motion for a summary judgment.
Appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/ APPELLANT WHEN IT GRANTED JUDGMENT TO THE DEFENDANTS ON THEIR MOTION FOR SUMMARY JUDGMENT."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell V. Interim Personnel, Inc.(1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
A fiduciary relationship is one in which a special trust and confidence is invested in the integrity and faithfulness of an individual which results in a position of influence. Ed Schory Sons, Inc. v. SocietyNat'l Bank (1996), 75 Ohio St.3d 433, 442. The duties of a fiduciary include good faith, loyalty, abstinence from self-dealing and to disclose. _Wing Leasing Inc. v. M B Aviation, Inc. (1988),44 Ohio App.3d 178, 181. A fiduciary relationship may be created formally, as in the election of an officer or director of a corporation, or informally. However, an informal fiduciary relationship may only be created when both parties understand that a special trust or confidence has been reposed. Umbaugh Pole Bldg. Co. v. Scott (1979),58 Ohio St.2d 282, 286.
Appellee Hofmeister is not an officer or director of appellee corporation. Neither is he a majority or even a major shareholder. Consequently, he holds no position which might impose a formal fiduciary relationship.
In arguing that the court should hold appellee Hofmeister to be an informal fiduciary, appellant points to the fact that Hofmeister and Feniger spoke several times a year on the telephone, the dining room in which the luncheon took place was private and that Feniger prefaced his remarks concerning Harper Steel by noting that the information was confidential. However, neither individually nor together do these circumstances provide evidence that Hofmeister understood his relations with Feniger or appellant to be one of special trust or confidence. Even if Feniger presumed such a relationship, the equation is not complete absent a manifest indication that Hofmeister, too, intended such a relationship. Consequently, we must concur with the trial court that no fiduciary relationship existed between Hofmeister and Feniger or Hofmeister and appellant.
Without a fiduciary relationship, Hofmeister had no duty to disclose to Feniger his company's interest in Harper Steel. Since Feniger was not entitled to be told of Hofmeister's interest in Harper, any disclosure Feniger made was not the result of an unlawful deception and was, therefore, voluntary. As a result, any information Hofmeister received was not by improper means, so there was no trade secret violation. See R.C. 1333.61(B). Neither was there a misrepresentation in the transaction, so the fraud claim failed. See, Gaines v.Preterm-Cleveland, Inc.(1987), 33 Ohio St.3d 54, 55. With respect to tortious interference with a business relationship, appellant presented no evidence that appellees' conduct in the Harper Steel bidding was improper. See Walter v. Murphy (1988), 61 Ohio App.3d 553, 555.
Absent evidence of a fiduciary duty, appellees' use of any information obtained from Feniger's voluntary disclosure did not support any of the claims he asserts. Consequently, appellees were entitled to judgment as a matter of law.
Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Richard W. Knepper, J., George M. Glasser, J., CONCUR.
 ____________________________ James R. Sherck, J.
JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.